IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,                    2:11 MJ-00300 GGH

  vs.                               ORDER

ROBERT MORRIS

       Defendants.
_____/

On September 22, 2011, the above captioned defendant appeared before the undersigned "in custody." In the matter of detention, defendant was ordered released on conditions. One of those conditions (#4) had to do with the requirement in 18 U.S.C. § 3142(c)(1)(A) that pretrial release is "subject to the condition that the person [defendant] cooperate in the collection of a DNA sample from the person [if authorized by 42 U.S.C. § 14135(a)]." This condition of release was imposed on defendant in this case.

      Defense counsel objected to this condition on constitutional grounds and statutory grounds. The undersigned overruled the constitutional grounds for the reasons set forth on the record.

      With respect to the statutory grounds, counsel argued that her client was not "in custody," despite the fact that he had been arrested, and was escorted into the courtroom by the deputy marshals, and was within their control throughout proceedings. The defendant's shackles had been ordered to be taken off his hands and feet, but defendant was still wearing his unhooked shackles. The undersigned had to sign a "release from custody order" to obtain the defendant's release from Sacramento County Jail. Defense counsel argued, nevertheless, that United States v. Baker, __F.3d__, Slip Opinion 10-10223 (9th Cir. Sept. 20, 2011), which had found the DNA

1

provisions not applicable to a probationer because he was not "in custody," mandated that no DNA condition could be imposed here.

Whether or not that narrow view of "custody" set forth in <u>Baker</u> would apply in the context of a person arrested and facing charges, under anyone's definition of "custody," the defendant in this case was in it at the time of his detention hearing.

Defense counsel, therefore, could not have made a reasonable argument that her client was not actually "in custody" when the condition was imposed. She must have been arguing that when released, her client would no longer be in custody, and the condition imposed to obtain a DNA sample would no longer be valid. However, in order to rule in favor of such an argument, the undersigned would have to ascribe an obtuseness to Congress that not even its worst critics would maintain.

That is, according to the obtuse view, Congress would have enacted a statute which required the taking of DNA as a condition of release, either knowing, or inadvertently not being aware, that the same statute then automatically eviscerated the condition upon release. Such an unreasonable reading of the statute cannot be found.[1]  Therefore, objection to the DNA condition (condition 4) based on the <u>Baker</u> case was overruled.

DATED: September 23, 2011

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, there is an option detrimental to defendants which could be imposed– that no release would be ordered until the DNA sample was taken. However, the undersigned is confident in his reading of the statute such that such a detrimental-to-defendant order need not be made.